THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KARI L. AKERLEY,<br><br>                    Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br><br>                    Defendant. | CASE NO. C11-0765-JCC<br><br>ORDER |

The Court, having reviewed Plaintiff's Complaint (Dkt. No. 1-2), the report and recommendation of U.S. Magistrate Judge James P. Donohue (Dkt. No. 20), Plaintiff's objections (Dkt. No. 21), and the remaining record, adopts the report and recommendation.

**I.     BACKGROUND**

Plaintiff's applications for disability insurance benefits and supplemental security income were denied at the initial level and on reconsideration. Following a hearing on June 23, 2009, the administrative law judge (ALJ) found Plaintiff not disabled and denied benefits. The Appeals Council thereafter denied Plaintiff's request for review.

Plaintiff sought review of the Commissioner's decision in this Court. In a report submitted on February 1, 2012, Magistrate Judge Donohue recommended affirming the decision of the ALJ. Plaintiff timely submitted objections to Judge Donohue's report.

## II. DISCUSSION

The Court must make a de novo determination of those portions of a magistrate judge's report or recommendations to which a party objects. 28 U.S.C. § 636(b)(1).

### A. Credibility

Plaintiff objects to the magistrate judge's conclusion that the ALJ did not err in evaluating Plaintiff's credibility. A claimant alleging disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996) (citing *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986)). If the claimant meets that test, the ALJ may reject testimony regarding the severity of the claimant's symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *Id.* at 1284. The ALJ may assess the claimaint's credibility with reference to his "reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

Here, the ALJ found that Plaintiff's underlying impairments "could reasonably be expected to cause some of the alleged symptoms." (Administrative Record ("AR"), Dkt. No. 11-2 at 23.) Nonetheless, the ALJ identified five factors that undermined Plaintiff's credibility: (1) inconsistency between her subjective complaints and the objective medical evidence, (2) her noncompliance with medical treatment, (3) evidence of drug-seeking behavior, (4) inconsistency between her daily activities and her subjective complaints, and (5) her decision to stop working for reasons not related to her impairments. (*Id.* at 23-24.) Having concluded that Plaintiff has the residual functional capacity to perform light work, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity

assessment." (*Id.* at 22, 23.) The magistrate judge concluded that the ALJ had offered clear and convincing reasons for all but the second factor above, and recommended affirming the ALJ's finding as to Plaintiff's credibility. (Dkt. No. 20 at 9-21.)

Plaintiff first argues that the ALJ failed to show any inconsistency between her subjective allegations and the results of international normalized ratio ("INR") blood tests, which measure the time it takes for blood to clot and compare the results to an average. The ALJ noted that "an INR blood test was within normal limits." (*Id.* at 23.) According to Plaintiff, this statement demonstrates error because (1) it mentions only one test, when other INR results varied, and (2) it is unrelated to any specific testimony that the ALJ rejected. The Court disagrees. The ALJ acknowledged that Ms. Akerley's INR results varied, while noting that by 2008 her anticoagulant use was stable as a result of therapy. (*Id.* at 19.) Moreover, the ALJ's mention of the normal INR test was but one data point in a long list of objective tests that showed unremarkable results or the absence of abnormalities. Taken together, those results are directly inconsistent with Ms. Akerley's subjective complaints. The ALJ need not have tied each individual data point to a statement or complaint that he was rejecting. The Court concludes that the ALJ offered clear and convincing reasons in support of the first factor undermining Plaintiff's credibility—the inconsistency between her subjective complaints and the objective medical evidence.

Plaintiff next argues that substantial evidence did not support the ALJ's finding as to Plaintiff's drug-seeking behavior. Plaintiff, however, offers little in support of this argument. The record shows not only that Ms. Akerley admitted to a history of drug and alcohol abuse, but also that her physician expressed concern about inappropriate use of medication and other drugs. (*Id.* at 234, 335, 336, 337, 344, 636.) The Court concludes that the ALJ provided clear and convincing reasons for considering Plaintiff's drug-seeking behavior.

Plaintiff further argues that the ALJ erred in finding that Plaintiff's planned trip to California was inconsistent with her subjective complaints. She states that her condition

ORDER
PAGE - 3

deteriorated after the planned trip, which is not relevant to her later complaints. The ALJ did acknowledge that "a vacation and a disability are not necessarily mutually exclusive," but he noted that the planned vacation tended to suggest that Ms. Akerley's symptoms and limitations "may have been overstated." (*Id.* at 24.) Here again, the mention of the vacation was part of a long list of activities that the ALJ found to be inconsistent with Ms. Akerley's subjective complaints. Although the 2005 vacation plans were not relevant to her later complaints, they were relevant to the significant complaints she voiced *at that time*. (*See id.* at 202.) The ALJ properly considered the vacation plans, in conjunction with numerous other daily activities and capabilities, in assessing Plaintiff's credibility.

Finally, Plaintiff objects to the magistrate judge's reliance on *Bruton v. Massanari*, 268 F.3d 824 (9th Cir. 2001), for the proposition that a claimant's decision to leave work for reasons other than her impairments is a basis for discounting her credibility. (Dkt. No. 20 at 20.) The plaintiff in *Bruton* was laid off and waited nine months before seeking medical attention, which the Ninth Circuit regarded as a "specific, cogent reason" for discounting the plaintiff's testimony. 268 F.3d at 828. Here, Plaintiff stated on a disability report form that she stopped working in January 2004 for "personal reasons." (AR, Dkt. No. 11-2 at 133.) She further stated that her illnesses first interfered with her ability to work on February 20, 2005—over a year later. (*Id.*) The Court agrees with the magistrate judge that under *Bruton*, Plaintiff's decision to leave work for personal reasons was relevant to the assessment of her credibility.

In sum, the ALJ made specific findings and stated clear and convincing reasons for discounting Plaintiff's credibility regarding the intensity and effects of her subjective symptoms. The Court agrees with the magistrate judge that the ALJ's credibility analysis was supported by substantial evidence.

**B.     Treating Physician's Opinions**

Plaintiff also objects to the magistrate judge's conclusion that the ALJ did not err in evaluating medical opinion evidence. Specifically, Plaintiff argues that the ALJ did not give

proper weight to the opinion of Dr. Sharon Levine, one of Plaintiff's treating physicians. (Dkt. No. 21 at 5-6.)

The Social Security Administration's own rules value the opinions of treating physicians over non-treating physicians, and the opinions of examining physicians over non-examining physicians. *See* 20 C.F.R. § 404.1527. Where a treating physician's opinion is not contradicted by other evidence in the record, it may be rejected only for clear and convincing reasons supported by substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). On the other hand, where a treating physician's opinion is contradicted by that of another doctor, the ALJ must have "specific and legitimate reasons supported by substantial evidence in the record" before rejecting the treating physician's opinion. *Id.*

Here, the ALJ noted that Dr. Levine's recommendations had alternated between limitations to sedentary work and light work. (AR, Dkt. No. 11-2 at 24.) The ALJ gave "significant weight" to Dr. Levine's diagnoses and the limitation to light work but less weight to the limitation to sedentary work, because Dr. Levine "did not provide a detailed explanation or any objective evidence . . . to support this finding." (*Id.*) The ALJ further noted that the opinions of two other physicians—Drs. Merrill and Shearer, both non-treating physicians—contradicted Dr. Levine's recommendation of sedentary work. (*Id.* at 25.)

The Court agrees with the magistrate judge that here, Dr. Levine's opinion as to Plaintiff's work limitation was in conflict with those of other, albeit non-treating physicians. The ALJ therefore needed to offer specific and legitimate reasons for rejecting or discounting Dr. Levine's opinion. The Court agrees with the magistrate judge that the ALJ met that standard here. First, the ALJ did not entirely reject Dr. Levine's opinions. He merely noted that in one respect—Plaintiff's work limitations—Dr. Levine's opinions were ambiguous and inadequately supported by objective evidence. Second, the ALJ did not value the opinions of other physicians over those of Dr. Levine, but rather used the other opinions as an additional basis for arriving at a conclusion as to Plaintiff's residual functional capacity. Finally, the ALJ was entitled to discount

ORDER
PAGE - 5

1  Dr. Levine's opinion given that it derived largely from statements by Ms. Akerley that the ALJ
2  found not to be credible. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).
3        Thus, the Court concludes that the ALJ had specific and legitimate reasons for his finding
4  as to Dr. Levine's opinion, and that substantial evidence supported his determination that Ms.
5  Akerley could perform light work. The magistrate judge correctly recommended affirming the
6  ALJ on this point.
7  **III.   CONCLUSION**
8        For the foregoing reasons, the Court ADOPTS the report and recommendation of
9  Magistrate Judge Donohue. The final decision of the Commissioner is AFFIRMED, and this case
10 is dismissed with prejudice. The Clerk is directed to send copies of this Order to the parties and
11 to Magistrate Judge Donohue.
12       DATED this 25th day of June 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE